IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID LOOS,<br>                 Plaintiff,<br>vs.<br><br>SAINT-GOBAIN ABRASIVES, INC. d/b/a<br>NORTON SAINT-GOBAIN (a/k/a NORTON<br>ABRASIVES); and<br><br>NORTON SAINT-GOBAIN a/k/a NORTON<br>ABRASIVES,<br>                 Defendants. | Case No:<br><br>Jury Trial Demanded |

## COMPLAINT

Plaintiff, David Loos, for his claims for relief against the named Defendants, Saint-Gobain Abrasives, Inc. d/b/a Norton Saint-Gobain (aka Norton Abrasives) and Norton Saint-Gobain aka Norton Abrasives, states as follows:

## SUMMARY INTRODUCTION

1. This is an action by Plaintiff David Loos against Defendants to recover damages arising from injuries, including permanent blindness, that resulted from the shattering of a high speed Cut-Off Wheel defectively manufactured by Defendants and placed in the stream of commerce by them. While Plaintiff was using the Cut-Off Wheel for its intended purpose, the Cut-Off wheel shattered and a piece of the Cut-Off Wheel impaled Plaintiff's facial bones, piercing his

right eye and skull. The substrate of the subject Cut-Off Wheel contains defects and unintended products, which caused the Cut-Off Wheel to shatter in use.

## PARTIES

2. Plaintiff, DAVID LOOS, is a citizen of the United States and citizen of the State of Arkansas.

3. Defendant SAINT-GOBAIN ABRASIVES, INC., a sector of Compagnie de Saint-Gobain, is a multinational corporation headquartered in Paris, France, that operates in North America with a principal place of business for North America in Valley Forge, Pennsylvania. However, relative to the issues herein, SAINT-GOBAIN ABRASIVES, INC. operates through its brand NORTON SAINT-GOBAIN in America and owns and controls NORTON SAINT-GOBAIN (a/k/a Norton Abrasives) and thus routinely conducts business via NORTON SAINT-GOBAIN (a/k/a Norton Abrasives).

4. Defendant SAINT-GOBAIN ABRASIVES, INC. (aka Saint-Gobain Abrasives) has a corporate office located at 750 E. Swedesford Road, Valley Forge, PA 19482.

5. Defendant NORTON SAINT-GOBAIN a/k/a NORTON ABRASIVES is the world's largest manufacturer and supplier of abrasives, including cutting wheels, with principal manufacturing facilities in Worcester, Massachusetts. Plaintiff believes, and therefore, avers that NORTON SAINT-GOBAIN a/k/a NORTON ABRASIVES is a wholly-owned subsidiary of, as well as a brand of, SAINT-GOBAIN ABRASIVES, INC. (a/k/a Saint-Gobain Abrasives a/k/a Saint-Gobain).

6. Defendant NORTON SAINT-GOBAIN a/k/a NORTON ABRASIVES has a corporate office at 1 New Bond Street, Worcester, MA 01615.

7. The Corporate lines are blurred between SAINT-GOBAIN ABRASIVES, INC. and NORTON SAINT-GOBAIN because Saint-Gobain Abrasives, Inc. wholly owned, operated and controlled the actions of Norton Saint-Gobain (aka Norton Abrasives) at all relevant times herein. SAINT-GOBAIN ABRASIVES, INC. represents to the public that one of its North American brands is NORTON SAINT-GOBAIN. Further, NORTON ABRASIVES is marketed and known as NORTON SAINT-GOBAIN.

8. Except as otherwise specifically identified herein, "Saint-Gobain" is used herein to refer to Saint-Gobain Abrasives, Inc. a/k/a Saint-Gobain Abrasives d/b/a Norton Saint-Gobain (a/k/a Norton Abrasives), and "Norton" is used herein to refer to Norton Saint-Gobain a/k/a Norton Abrasives.

## JURISDICTION & VENUE

9. This Court has jurisdiction pursuant to 28 U.S.C. §1332, in that there is complete diversity of citizenship between the parties to this action, and the amount in controversy exceeds One Hundred Fifty Thousand Dollars ($150,000.00), exclusive of attorney fees, costs, and interest.

10. Venue is proper in this Court pursuant 28 U.S.C. §1332 because (i) Saint-Gobain d/b/a Norton Saint-Gobain resides in this district, (ii) Saint-Gobain dba Norton Saint-Gobain transacts business in this district and did so at all times relevant to this complaint; and (iii) David Loos is a citizen of Arkansas, a different state, and agrees to venue in this district.

11.     The injury event which gave rise to this action occurred in Oklahoma County, State of Oklahoma, within the United States Western District of Oklahoma. Plaintiff David Loos also agrees to venue in that district should this Court determine venue more proper in that district.

## FACTUAL ALLEGATIONS

12.     On or about December 28, 2011, at approximately 10:30 a.m., Plaintiff was working with an air-powered cutting tool that had a Norton Cut-Off Wheel (Norton Saint-Gobain) attached as the blade. He was cutting a metal fuel line that had been removed from a truck when the cut-off wheel shattered and broke apart. A piece of the wheel flew into his face striking his safety googles, impaling his facial bones, right eye and skull.

13.     At all times material to this complaint, Plaintiff followed what he believed to be correct safety procedures in the use of Defendants' product.

14.     Each of the Defendants, Saint-Gobain and Norton, is a private for-profit company with offices in North America, conducting business across North America by selling products in America (and across the world).

15.     The Defendant, Saint-Gobain, was in the business of manufacturing and selling its product, the Norton Cut-Off Wheel as one of its North American brands under the name Norton Saint-Gobain.

16.     The Defendant, Norton, was in the business of manufacturing and selling its product, the Norton Cut-Off Wheel, under the name Norton Saint-Gobain.

16.     The Defendants' product was manufactured, marketed, sold and put into the channels of commerce by the Defendants (either directly or indirectly with full knowledge) and

4

allowed to remain in the channels of commerce when these Defendants either knew or had the ability to know that the product was not safe and reasonably fit for the ordinary purposes for which such products are intended or reasonably expected to be used.

### COUNT ONE—Strict Product Liability under Section 402A Restatement of Torts, 2nd

17. Plaintiff adopts Paragraphs 1-16 as though each was set forth herein at length.

18. The Defendants' product was defective at the time it was sold, and because of the defect it was unreasonably dangerous to a person such as the Plaintiff who uses or might be reasonably expected to be affected by said product.

19. At the time that Plaintiff used Defendants' product, it was in essentially the same condition as it was when it was manufactured.

20. Neither Plaintiff nor anyone else to Plaintiff's knowledge made any modifications to Defendants' product before it was used on December 28, 2011.

21. There was nothing about the product itself from which Plaintiff could conclude that the product was dangerous.

22. The Defendants failed to properly warn potential users of the dangerous characteristics of this product.

23. Plaintiff believes, and therefore, avers, that the product in question was not manufactured by Defendants with all due care.

24. The defects in Defendants' product are the factual cause of Plaintiff's injuries.

25. Defendants are strictly liable to Plaintiff for said injuries under Section 402A of Restatement of Torts, 2d.

WHEREFORE, Plaintiff respectfully demands judgment in his favor in a sum greater than One Hundred Fifty Thousand Dollars ($150,000) together with interest, costs and such other relief as this Court may deem appropriate.

### COUNT TWO--Negligence

26. Plaintiff adopts Paragraphs 1-25 as though each was set forth herein at length.

27. Plaintiff believes, and therefore avers that the Defendants were negligent in designing and manufacturing a defective product, in failing to properly inspect the product for defects and remedy the defects, and in failing to remove the defective product from the stream of commerce.

28. The Defendants were careless and negligent in manufacturing, advertising, labeling, and selling the product (either directly or indirectly with full knowledge), and for failing to adequately warn of the dangers associated with its use, so as to proximately cause Plaintiff's injuries.

29. The Defendants' conduct shows a reckless disregard for the rights and safety of others entitling Plaintiff to punitive damages against the Defendants.

30. Defendants' negligence was the cause in fact of Plaintiff's serious bodily injuries which are permanent in nature, including the loss of vision, deformity and scarring, physical and mental pain which will continue into the future, as well as lost wages and loss of earning capacity.

WHEREFORE, Plaintiff respectfully demands judgment in his favor in a sum greater than One Hundred Fifty Thousand Dollars ($150,000) together with interest, costs, punitive damages and such other relief as this Court may deem appropriate.

Respectfully Submitted:

_/s/ Richard P. Myers_
Richard P. Myers
rmyers@prmpclaw.com
PAUL, REICH & MYERS, P.C.
1608 Walnut St., Ste. 500
Philadelphia, PA 19103
Office: (215) 735-9200; Fax: (215) 735-3888
*ATTORNEY FOR PLAINTIFF*

JURY TRIAL DEMANDED